## THE CITY OF EMPORIA v. ANTON KOWALSKI.
### No. 12,794. (70 Pac. 863.)

#### SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Case-made.* It is the duty of counsel for plaintiff in error, under rule 9 of this court, to number and index the pages of the record, showing the pleadings, testimony, instructions, verdict, findings, and all other material parts of the record, before the clerk shall receive or file it.

2. ——— *Record must be Paged and Indexed.* In a proceed-

ing in error, where the alleged errors are numerous, a determination of which will require an examination of all the proceedings had in the court below, and the record is not paged and indexed, this court will not enter upon an examination thereof.   For such neglect the cause will be dismissed.

Error from Lyon district court; W. A. RANDOLPH, judge.   Opinion filed December 6, 1902.   Dismissed.*

*J. Harvey Frith*, and *Kellogg & Madden*, for plaintiff in error.

*Lambert & Huggins*, and *Buck & Spencer*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :   The defendant in error recovered judgment against the city of Emporia for personal injuries sustained while in its employ by the falling of one of its electric-light poles upon him.   The city prosecutes this proceeding.

The assignments of error are :   (1) Refusing to set aside the special findings of the jury ;   (2) overruling defendant's demurrer to the evidence for the reason that plaintiff's evidence conclusively proved that he knew of the danger and assumed the risk ;   (3) refusing to give certain instructions ;   (4) giving certain instructions ;   and (5) admitting incompetent, irrelevant and immaterial testimony.   It will be observed that to determine the alleged errors it will be necessary to examine all the proceedings had in the court below.   This voluminous record is not indexed.   Rule 9 provides :

"Counsel for the plaintiff in error shall number the pages of the record, and shall fully index the pages,

---

*The case was afterward reinstated, and reviewed on its merits, and affirmed January 10, 1903.   See 66 Kan. —, 71 Pac. 232.—REP.

showing the pleadings, testimony, instructions, verdict, findings, and all other material parts of the record, before the clerk shall receive or file it. . . ."

The indexing of the record is a comparatively easy matter for counsel who have tried the cause and prepared a case-made. The index relieves this court of a great amount of labor which can more profitably be expended in other lines of duty. If counsel wish this court to examine records to determine questions arising at the trial, such as are presented in this cause, they must comply with the rule and make an index.

For the reasons herein indicated this cause is dismissed.

All the Justices concurring.